Bervin HAYES, Appellant,

v.

William C. HOLMAN, Warden, Kilby Prison, Alabama, Appellee.

No. 22012.

United States Court of Appeals Fifth Circuit.

June 14, 1965.

Bervin Hayes, pro se.

David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before TUTTLE, Chief Judge, and EDGERTON * and SMITH,** Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal from an order denying a petition for writ of habeas corpus without a hearing. On September 25, 1963, petitioner was tried and convicted

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

** Of the Third Circuit, sitting by designation.

for "a crime against nature." The following day he was sentenced to eight years imprisonment. He was not represented by counsel at arraignment, trial, sentencing, or in any of his attempts to obtain post-conviction relief in the State Courts of Alabama. The denial of relief by the U. S. District Court was based on a determination that appellant failed to exhaust state remedies. Subsequently, the federal trial court also denied a petition for a certificate of probable cause on the ground that the taking of an appeal was not made in good faith in that petitioner had deliberately bypassed available appellate courts of the State of Alabama, citing Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837.

This Court granted the issuance of a certificate of probable cause allowing prosecution of the appeal in forma pauperis, but denied a motion for appointment of counsel.

Appellant was arrested in June 1962, and was released on bail. He was arraigned on September 19, 1962, in the Circuit Court of Walker County, Alabama. There is nothing in the record to rebut appellant's argument that he was not advised of his right to have counsel for purposes of the arraignment, or to show that he intelligently waived that right. The minutes state that the Court ascertained that petitioner was employed and was able to retain counsel. Further, petitioner stated that he "would advise the Court on September 24th" relative to the employment of an attorney. However petitioner failed to do so. It is further stated in the minutes that petitioner appeared in court on the 25th, the date set for trial, without an attorney, and "announced ready for trial without an attorney." Petitioner was tried and convicted. On the 26th, after sentence was imposed, petitioner informed the court that he intended to appeal and an appeal bond was fixed at $8,000.

Before the expiration of the time for him to perfect a direct appeal, which he never did, appellant filed a petition for writ of error coram nobis, which was denied by the state trial court on January 18, 1963. The court rejected the claim of the right to counsel in view of the fact that petitioner could afford to retain counsel and of his assertion that he would try his own case. In the denial it was also stated that the time to perfect a direct appeal had not yet expired.

On July 16, 1963, a further order was entered by the state trial court judge denying a petition for habeas corpus. The order recites that petitioner had filed an application for writ of habeas corpus in the Circuit Court of Montgomery County, the county where he was imprisoned, which was dismissed on the motion of petitioner. The order states that there was no legal basis to issue the writ. No appeal was taken from this order. The trial court denied a second petition for a writ of error coram nobis on October 1, 1963, on the grounds that the issue it raised had been previously adjudicated. Appellant sought to appeal this order of denial to the Alabama Court of Appeals. That Court denied the petition because there was no showing of indigency and also there had been a prior adjudication of the issues raised by petitioner. An application for rehearing was overruled and the Supreme Court of Alabama denied a writ of certiorari without opinion.

The file contains a letter, dated June 19, 1964, from the Clerk of the Circuit Court of Montgomery County addressed to the petitioner. The letter acknowledges receipt of a notice of appeal in a habeas corpus proceeding. It states that the transcript of the record would not be made available unless petitioner deposed security for costs in the amount of $17.-50.

On June 25, 1964, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Alabama. Permission was granted to proceed in forma pauperis and counsel was appointed by the Court. The court below denied, without a hearing, the habeas corpus petition for failure to exhaust state remedies. This

Court granted the issuance of a certificate of probable cause allowing prosecution of this appeal in forma pauperis.

■ It appears that petitioner has exhausted his state remedies within the meaning of 28 U.S.C.A. § 2254, as interpreted by Brown v. Allen, 344 U.S. 443, 448, 73 S.Ct. 397, 97 L.Ed. 469, note 3. The denial of the second coram nobis petition was appealed to the Alabama Supreme Court. The issues raised in that petition are the same as those raised in this Court, namely the denial of counsel to the indigent petitioner both at arraignment and at trial, without there having been an intelligent and understanding waiver. Petitioner alleges that he thought his statement to the Court, after being sentenced, that he intended to appeal, was sufficient to effect an appellate review. There seems to be no basis to infer that petitioner, who was without the advice of counsel, has deliberately bypassed direct appellate review in favor of seeking a writ of error coram nobis. We, therefore, conclude that petitioner's application to the trial court should not have been dismissed for failure to exhaust state remedies.

■ There will remain for determination by the trial court the question whether there is substance in appellee's contention that there was a waiver of counsel by appellant at the time of the arraignment, see Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. There will also remain the question of petitioner's financial ability to retain counsel and his alleged waiver of such representation at the time of his trial. The minutes of the trial court seem to be inadequate for a determination that petitioner was not indigent at the time or that he had intelligently and understandingly waived the right to be represented by counsel. Cf. Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899. The mere statement in the record that petitioner did not have counsel and had "announced [he was] ready for trial without an attorney," is not sufficient to permit the drawing of an inference that the right to counsel was intelligently and understandingly waived. Cf. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70. A plenary evidentiary hearing should have been had in the District Court, since it is evident that petitioner was not afforded a "full and fair hearing," on the issue, and that the "material facts were not adequately developed" as to this issue in the State court proceedings. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770.

The judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.