Petition of Willie Lee THOMAS for a
Writ of Habeas Corpus and
other relief.

Civ. A. No. 12398.

United States District Court
W. D. Louisiana,
Shreveport Division.

Dec. 5, 1966.

John Goodwin, Brown & O'Hearn,
Shreveport, La., for petitioner.

John A. Richardson, Dist. Atty., and
C. J. Bolin, Jr., Asst. Dist. Atty.,
Shreveport, La., for defendant.

## OPINION ON THE MERITS

BEN C. DAWKINS, Jr., Chief Judge.

Petitioner, Willie Lee Thomas, was
charged in the Louisiana state court with
simple battery, a misdemeanor under
state law. After appearing in court with
his attorney on August 6, 1963, he was
sentenced to two years in the parish
jail. The sentence was suspended and
he was placed on two years active pro-
bation.

April 28, 1964, after appearing in court
without an attorney and pleading guilty
to a misdemeanor charge of simple theft,
petitioner was sentenced to six months in
the parish jail. Since the conviction vio-
lated the terms of his probation, he again
appeared in court without an attorney
May 1, 1964, upon a motion to revoke
his suspended sentence in the simple bat-
tery case. After a hearing, the sus-
pended sentence was revoked and peti-
tioner ordered to serve the original sen-
tence of two years concurrently with the
six months sentence.

After petitioner's escape from the
parish jail August 6, 1964, and his ulti-
mate apprehension, he was charged with
simple escape, a misdemeanor. Appear-
ing in court August 24, 1964, without
an attorney and pleading guilty to the
misdemeanor, petitioner was sentenced
to serve sixty days in the parish jail,
which sentence was to run consecutively
with his other sentences.

Exhibiting his apparently extreme dis-
taste for confinement, petitioner again
escaped from the parish jail February 10,
1965. Once again petitioner appeared
in court without an attorney on Feb-
ruary 16, 1965, and pleaded guilty to the
misdemeanor charge of simple escape.
In this instance, he was sentenced to
serve one year, this sentence to run con-
secutively with his other sentences.

After retaining his present counsel, pe-
titioner's writ of habeas corpus was sub-
mitted to the state district court, alleg-
ing that his convictions were violative of
his guaranteed rights under the sixth
and fourteenth amendments to the Con-
stitution of the United States, and the
Constitution of the State of Louisiana.
Primarily, petitioner contends that his
last four convictions on misdemeanor
charges are invalid since he was not ad-
vised of his right to counsel and was tried

and convicted without benefit of counsel. After his petition for a writ of habeas corpus was denied by the state district court, petitioner submitted a writ of mandamus to the Louisiana Supreme Court, requesting that the state district court be commanded to afford petitioner relief. On October 20, 1966, the Louisiana Supreme Court rejected the petition with the following statement:

> "The application is denied. It is not our understanding that Gideon v. Wainwright applies to misdemeanor cases. Hence, the trial judge correctly denied the application for habeas corpus." (Citations omitted.) [1]

Having exhausted his remedies in state court, petitioner filed a writ of habeas corpus in this court October 21, 1966. Believing that an incorrect standard of constitutional law may have been applied by the state court, we felt constrained to hold a plenary evidentiary hearing.[2]

Inasmuch as petitioner has been incarcerated since May 1, 1964, except for brief periods of freedom as an escapee, he has served all of his sentences but eight months of the one-year sentence received as a result of the last escape. Therefore, we concern ourselves with that conviction and resulting confinement only.

Petitioner contends that the fact he was convicted on the basis of his guilty plea entered without the assistance of counsel and without being advised of his right to the assistance of counsel constitutes a denial of due process under principles established in Gideon v. Wainwright,[3] Johnson v. Zerbst,[4] and Powell v. State of Alabama.[5] The only question for our determination is whether these cases constitutionally require assistance of counsel in misdemeanor as well as felony cases.

There is no doubt that Gideon erased the capital-noncapital distinction and applied the sixth amendment right to counsel to all felony cases. The present problem is whether the standard now obligatory upon the states is the "fundamental fairness" concept of the due process clause of the Fourteenth amendment or the more nearly absolute Sixth amendment right to counsel.[6] There is language in Gideon supporting the conclusion that the more nearly absolute standard is to be imposed, which would require the extension of Gideon to all criminal cases.[7] However, the Supreme Court has recently refused to review two state court decisions denying the right to counsel in misdemeanor cases.[8]

Two recent Fifth Circuit Court of Appeals decisions have enforced the right to counsel in misdemeanor cases. In Harvey v. State of Mississippi[9] and McDonald v. Moore.[10] Gideon was interpreted to apply to all criminal cases.

In Harvey, the Gideon rule was extended to encompass the misdemeanor of possession of whiskey, for which the

---

1. State v. Thomas, 190 So.2d 909 (La. 1966).

2. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

3. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

4. 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

5. 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

6. Comment, Some Aspects of the Right to Counsel, 26 La.L.Rev. 666 (1966).

7. 372 U.S. 335, 344, 83 S.Ct. 792, 796 (1963): "Not only these precedents but also reason and reflection require us to recognize that in our adversary system of criminal justice, *any person haled into court*, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." (Emphasis supplied.)
    Ibid: "*The right of one charged with crime* to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours." (Emphasis supplied.)
    Ibid: "This noble ideal cannot be realized if *the poor man charged with crime* has to face his accusers without a lawyer to assist him." (Emphasis supplied.)

8. Cortinez v. Flournoy, 87 S.Ct. 314, November 7, 1966; Winters v. Beck, 87 S.Ct. 207, October 18, 1966.

9. 340 F.2d 263 (5 Cir. 1965).

10. 353 F.2d 106 (5 Cir. 1965).

maximum penalty was a $500 fine and 90 days in jail. Although the court acknowledged that *Gideon* did not expressly extend the right to counsel to misdemeanor cases, it noted that implicit in *Gideon* was the principle that the rule did not depend on a felony-misdemeanor dichotomy.

While *Harvey* could be interpreted as leaving a small crack in the door for the establishment of a "serious consequences" rule reminiscent of Betts v. Brady,[11] the more recent *McDonald* case effectively closes the door. Applying the *Gideon* rule when the misdemeanor was punishable by six months in the county jail or $500 fine, the court said:

> "In approving the above quotation this Court has, we think, rejected the 'serious offense' rule. We also think that Gideon has repudiated the Betts v. Brady ad hoc special circumstance rule of 'an appraisal of the totality of facts in a given case.' We are without any authority authorizing the announcement of a petty offense rule." [12]

In the instant case, defendant strongly urges that recent refusals by the United States Supreme Court to review state court cases denying right to counsel in misdemeanor cases indicate that the Supreme Court does not intend to extend *Gideon* to misdemeanor cases. Defendant also interprets *Harvey* and *McDonald* to support the application of a serious consequences rule and contends that even if *Gideon* encompasses misdemeanors, a line should be drawn short of all criminal cases.

We conclude that both contentions are without merit. In view of the fact that *Harvey* and *McDonald* are cases decided within this circuit, by which we are bound, we cannot attach a badge of such great importance to the Supreme Court's denial of certiorari in Cortinez v. Flournoy and Winters v. Beck.[13] As to the latter contention, we previously noted that *McDonald* clearly refused to announce the petty offense rule which may

have been implicit in the language of the court in *Harvey*.

 Although we are personally and sympathetically cognizant of the impact of such a ruling upon this state's administration of criminal justice, we are bound to follow the decisions of the Fifth Circuit Court of Appeals in *Harvey* and *McDonald* and apply *Gideon* to all criminal cases. Thus in this case we must conclude that petitioner's guaranteed rights under the Sixth and Fourteenth amendments were violated when he was convicted on the basis of his guilty plea entered without the assistance of counsel and without being advised of his right to the assistance of counsel.

Therefore, the writ of habeas corpus is granted, but the State of Louisiana shall retain the right to rearraign and retry petitioner on the last charge of simple escape within sixty days. Consistent with the retention of that right, the state has the additional right to keep petitioner in custody or under bail pending rearraignment and retrial.

11. 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942).

12. 353 F.2d 106, 110 (5 Cir. 1965).

13. See note 8, supra.