**Richard Melton DAVIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23159.**

United States Court of Appeals
Fifth Circuit.

May 5, 1967.

David J. Beck, Houston, Tex., for appellant.

Bailey F. Rankin, Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge:

Convicted on his plea of guilty of bank robbery with a dangerous weapon, in violation of 18 U.S.C. Secs. 2113(a), (d), and sentenced to serve 20 years, appellant filed this Sec. 2255 motion contending that his conviction must be vacated because the district court had erred in failing to advise him of his constitutional right under the Sixth Amendment to the assistance of counsel in determining whether to enter a guilty plea. The court below denied the motion after a hearing. We agree with appellant and vacate the conviction.

Appellant was arrested by Dallas city police in April, 1964, indicted by the State of Texas for an armed robbery having occurred in Texas, convicted in a state district court, and sentenced to 10 years. During this time that appellant was in state custody, a separate federal indictment was pending against him in a federal district court in Arizona in connection with a robbery committed in that state. Under Rule 20, F.R.Crim.P., a defendant, who is arrested or held in a district other than that in which the indictment is pending, may waive trial

in the district where the indictment is pending and consent to disposition of the case in the district in which he was arrested or is held, if the United States attorneys for each district approve. Desiring to utilize this procedure with respect to the indictment pending in Arizona, appellant was taken at his own request on September 10, 1964, to the United States District Court for the Northern District of Texas, located in Dallas. Appellant appeared in court without counsel. After the Rule 20 procedure was explained to him and the indictment was read, the following transpired:

"THE COURT: Let the defendant stand. This is Richard Melton Davis?

A. Yes.

Q. You have heard the indictment charging bank robbery with a dangerous weapon. Do you plead guilty or not guilty?

A. Guilty, Your Honor."

\* \* \* \* \* \*

"Q. Do you have counsel in this case?

A. No sir.

Q. Do you desire the Court to appoint you counsel?

A. No, sir.

Q. You prefer to have your case presented here, and you understand the nature of the charge against you?

A. Yes, sir.

THE COURT: I will accept the plea of guilty, and you may be seated."

■■ At the time of the trial, Rule 44, F.R.Crim.P., provided that "[i]f the defendant appears in court without counsel, the court shall advise him of his right to counsel \* \* \*." This Court recently has emphasized that "[o]ne of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a guilty plea." Reed v. United States, 354 F.2d 227, 229 (5th Cir. 1965). It is settled that "[o]ne accused of crime has the

right to the assistance of counsel *before entering a plea* because of the disadvantageous position of an unassisted layman in a court of law and because of the serious consequences which may attend a guilty plea." (emphasis added) Harvey v. State of Mississippi, 340 F.2d 263, 269 (5th Cir. 1965). See Hamilton v. State of Alabama, 368 U.S. 52, 55, 82 S. Ct. 157, 7 L.Ed.2d 114 (1961); Mills v. United States, 185 F.2d 137 (5th Cir. 1950) (per curiam). For the same reasons a defendant must be offered counsel when during the trial he changes his plea from not guilty to guilty. Davis v. Holman, 354 F.2d 773 (5th Cir. 1965), cert. denied, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 359 (1966).

■ It is clear that appellant was requested by the trial court to plead without being instructed in any manner as to his right to the assistance of counsel in making his plea. It was only after appellant said he would plead guilty that he was asked if he desired to have counsel appointed. The district judge employed this procedure because, in his words, if the defendant was "thinking of pleading guilty, there was no use to warn him." This view overlooks the important function we feel is to be served by counsel, to advise a defendant whether to enter a guilty plea. When this right was denied, the damage was done. Appellant's remarks subsequently indicating he did not desire the court to appoint counsel do not cure the error and cannot be considered as a waiver of counsel in connection with the entry of the plea. See Williams v. Alabama, 341 F.2d 777, 780–781 (5th Cir. 1965). That this was a Rule 20 proceeding did not alter appellant's right to counsel. Cf. Owensby v. United States, 353 F.2d 412, 417 (10th Cir. 1965), cert. denied, 383 U.S. 962, 86 S.Ct. 1234, 16 L.Ed.2d 305 (1966).

■ We hold that the judgment of conviction upon appellant's plea of guilty may not stand. The district court's denial of the Sec. 2255 motion is reversed, and the conviction is set aside. Appellant must be given an opportunity to enter another plea, and he must be prop-

erly advised of his right to the effective assistance of counsel in formulating that plea. Whether appellant will waive counsel, or will accept appointed counsel and be advised to plead guilty, or will be found guilty, we of course do not now determine.

Due to this disposition of the cause, most of appellant's numerous other grounds urged for reversal need not be discussed. Several, however, may arise again on remand and for that reason we now dispose of them. First, appellant complains of the use of presentence data concerning his former conviction on the ground that it was hearsay. The use of this information, which appellant admits is correct, is authorized by Rule 32(c) (2), F.R.Crim.P. Second, Rule 5(a), F.R.Crim.P., did not apply because appellant was arrested by and was in the custody of state, not federal, authorities. See Papworth v. United States, 256 F.2d 125, 129 (5th Cir.), cert. denied, 358 U.S. 854, 79 S.Ct. 85, 3 L.Ed.2d 88 (1958). We do not find any evidence of collaboration between state and federal officers; appellant himself asked to be taken to the federal district court. Third, appellant argues that prior to the Sec. 2255 hearing in the district court, he should have been permitted to take the FBI agent's deposition at the government's expense. Assuming, without deciding, that the government may be made to bear the expense of a deposition, the district judge correctly determined that under the circumstances of this case there was no need for, and appellant was not prejudiced by his inability to secure, such a deposition. The agent lived in Dallas where the hearing was held, was subject to subpoena, and testified at the hearing.

There still remains, however, the fact that appellant was not properly advised of his right to counsel. The conviction is set aside and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.