**Billy R. HAACKS, Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

**No. 24444.**

United States Court of Appeals Fifth Circuit.

Jan. 3, 1968.

Billy R. Haacks, pro se.

Stanley D. Kupiszewski, Jr., Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

GOLDBERG, Circuit Judge.

This appeal from a denial of habeas corpus relief without a hearing presents

a confrontation between judgmental finality and the eternals of constitutional protection.

Billy R. Haacks, represented by privately retained counsel, was convicted in a Florida court upon his plea of guilty of breaking and entering with intent to commit petit larceny on July 21, 1964. He was sentenced on July 28, 1964, to serve five years on the breaking and entering conviction; sentence on the petit larceny conviction was deferred. It appears that appellant has exhausted his state court remedies as is required by 28 U.S.C. § 2254 and general principles of comity.

The petition for writ of habeas corpus contains the following crucial allegations:

"Only minutes prior to trial my attorney, Honorable W. H. Stafford, Jr., told me that if I would change my plea from not guilty to guilty, I would be given a deferred sentence and that would be the end of it. Thinking this deferred sentence the same as a withheld sentence, I agreed. * * * Upon entering plea of guilty, Judge Blanchard deferred sentence for one (1) week. I realized my error then and started to withdraw my plea, but my attorney hurried me from the courtroom. Later when discussing this with Mr. Stafford, all he did was harass me for more monies.

"On July 28, 1964, when I appeared before the Honorable M. C. Blanchard for sentencing, I told him *prior to sentencing*—that I was not guilty of the charge and that I had entered the plea of guilty in error. Also that I had misunderstood my attorney and that I would stand trial immediately by jury after plea of not guilty. The trial court without making inquiry therein before refusing the withdrawal, sentenced the Petitioner to the State Prison. * * * During Petitioner's attempts to withdraw plea and during sentencing Petitioner's attorney stood mute."

On May 31, 1966, the district court denied habeas relief without a hearing solely because Petitioner's prior application alleging the same grounds had been denied on December 8, 1965, without a hearing, by another district court. The denial of the prior application was not appealed and in that case the State of Florida filed a return and answer with exhibit. The exhibits included copies of the official minutes, which recited that the applicant "say nothing" when he was asked why sentence should not be imposed on him. The return contains no affidavits by the prosecuting or defense counsel, or by the clerk, the court reporter, the judge, or any other court attache or bystander. Thus, it appears that Haacks has never had a plenary hearing on his habeas petition. There is nothing in the record contradicting his allegations except a pro forma minute entry.

Appellant contends that he would never have pleaded guilty had he correctly interpreted his lawyer's advice, therefore that his plea of guilty was involuntary. He claims that he believed that the lawyer was promising that his sentence would be postponed indefinitely, a promise which appealed to him because he was anxious to enter a hospital for treatment. When he learned that he would be sentenced in a week's time, appellant allegedly made unavailing efforts to, withdraw the plea of guilty and to obtain a trial by jury. In effect, Haacks is arguing that his plea was entered because of ignorance or inadvertence and thus was not voluntary, that he would have pleaded innocent but for what he supposed to be a promise that he would not go to prison and, moreover, that he attempted a timely withdrawal of his plea.

 If the record presented nothing more than these allegations, it would be difficult to avoid the conclusion that appellant is entitled to a plenary hearing on the voluntariness of his plea. Busby v. Holman, 5 Cir. 1966, 356 F.2d 75, 78 offers a succinct statement of the applicable rule of law.

"It is well settled that a conviction, whether in a state or federal court,

which is based upon an involuntary or coerced plea of guilty, whether it be unfairly obtained or given through ignorance, fear or inadvertence, is invalid as inconsistent with due process of law."

See Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Com. of Pennsylvania ex rel. Herman v. Claudy, 1956, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126; Wright v. Dickson, 9 Cir. 1964, 336 F.2d 878; United States v. Tateo, D.C.N.Y.1963, 214 F.Supp. 560.

In reply to appellant's arguments, the State of Florida contends that the words "say nothing" contained in the pro forma judgment of the trial court have an irrefutable and irrebuttable quality. But petitioner contends precisely that the judgment is false because he did try to withdraw his plea of guilty at the time of sentencing and that there were witnesses to his vain effort. This contention is neither verifiable nor disprovable by the present record. We do not in the pro forma judgment have a live transcription or reproduction of occurrences. We have a judgment but no stenographic record of its forbears. We have a machined portion of a judgment which may or may not have relevance to reality. There is no sentient or cerebrated conclusion by the court that Haacks was silent. The "say nothing" words attributed to Haacks are not the result of conscious and adverted scrivening.

■ There is no abhorrence of considering in habeas corpus facts de hors

the record. Randel v. Beto, 5 Cir. 1965, 354 F.2d 496, 503. In Wright v. Dickson, 9 Cir. 1964, 336 F.2d 878, 883, the Court said:

"Recitals of fact in state court records, including opinions, may be relied upon in a show cause proceeding if the accuracy of the recitals is not disputed; and if a decision follows from these uncontested facts as a matter of law, no evidentiary hearing is required. However, if a petitioner, or the state, contests the facts recited in the records, they 'must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues.' Townsend v. Sain, 372 U.S. 293, 322, 83 S. Ct. 745, 762 [9 L.Ed.2d 770] (1963). * * * [additional cases cited in a footnote]."

Florida provides criminal proceedings to determine whether the records of the trial courts speak the truth. Gentry v. State, Fla.Sup.Ct.1965, 172 So.2d 433. Haacks has requested the Florida state courts to amend his record but it appears that such requests have been denied without hearings. Our case is an apposite analogue of United States v. Taylor, 4 Cir. 1962, 303 F.2d 165.[1]

■ Haacks seeks a plenary hearing on his allegation that he verbalized his request to withdraw his plea of guilty. Scrivener error, mutual mistake, reformation all have application to solemn legal civil documents and judgments, and their applicability should not be denied to criminal judgments. In seeking the Great Writ, scrutiny of judgments

1. In that case Federal procedure required the type of records which, if complete, would have filled the gap in our own case and the lack of which produced a similar result, i. e., the provisions of 28 U.S.C. § 753(b) command verbatim records to be kept of "all proceedings in criminal cases had in open court" in United States District Court cases. Failure to keep such records is one factor to be considered in deciding whether to vacate, or to hear a motion to vacate a sentence. United States v. Taylor, supra; Brown v. United States, 9 Cir. 1963, 314 F.2d 293. Moreover, under 28 U.S.C. § 2255 a former record and recitations in a judgment are not always conclusive. Blank areas and spaces can be filled by evidence. See Puckett v. United States, 10 Cir. 1963, 314 F.2d 298; Scott v. United States, 6 Cir. 1965, 349 F.2d 641; Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, in which a hearing was granted where there were controverting affidavits and a district judge's contrary findings on those controverted facts without notice to the petitioner and without a hearing.

should not be more parsimoniously granted. The printed words in a pro forma document without more cannot serve as a haven for constitutional impingements. There can be no universal presumption of verity in such judgments which might denigrate and flaunt constitutional rights and assurances. Haacks claims that he spoke and offers to put into evidence the testimony of witnesses. He should be heard to prove that he did not stand mute.

Reversed and remanded to the District Court to determine in a plenary hearing whether Haacks attempted a timely withdrawal of his plea of guilty.

Reversed and remanded.