**Oliver LAVERGNE**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

**Civ. A. No. 16018.**

United States District Court, W. D. Louisiana, Opelousas Division.

Feb. 5, 1971.

## RULING

NAUMAN S. SCOTT, District Judge:

Oliver Lavergne filed an application for a writ of habeas corpus with this Court, alleging that he is illegally and unconstitutionally detained in the Louisiana State Penitentiary at Angola, Louisiana, under a ten (10) year sentence imposed on November 9, 1966, after his plea of guilty to the charge of simple rape. The guilty plea was entered to the lesser offense after closing arguments in a jury trial for aggravated rape.

An evidentiary hearing subsequent to petitioner's application for writ of habeas corpus in the courts of Louisiana was held in the Twenty-Seventh Judicial District, St. Landry Parish. A certified copy of the transcript of this hearing has been filed with these proceedings and reviewed by this Court. There appears to be substantial evidence to support the State Court's finding that the guilty plea was voluntarily entered. There are no facts at issue material and necessary for this ruling which would require an evidentiary hearing before this Court.

Petitioner contends that his detention is unconstitutional and illegal in that: (1) his constitutional rights were violated in the State Court evidentiary hearing on application for a writ of habeas corpus in that Court; (2) that his guilty plea was not voluntarily entered; and (3) that the sentencing Court failed to advise him of the nature and consequences of his plea.

If there were irregularities in the State Court habeas corpus proceeding, a point which is not conceded, they would not affect the validity of a prior sentence and detention. Petitioner reapplied to the State Court after the evidentiary hearing in question. The reapplication was denied and the Louisiana Supreme Court refused to review this denial. Therefore, Lavergne's first contention goes only to the question of whether State Court remedies have been exhausted and they have.

The primary issue raised by this application is whether the plea of guilty was knowingly and intelligently made. To support his contention that the plea was not voluntary petitioner alleges: (a) he did not have benefit of competent counsel; (b) the possibility of being sentenced to death by a jury upon trial for aggravated rape coerced his guilty plea to the lesser included offense; and further that (c) certain illegally obtained admissions were used to coerce his plea.

Counsel for petitioner in the pretrial and trial stages was retained rather than Court appointed. Lavergne con-

tends that since he contacted this attorney after arrest, while the attorney was visiting another criminal defendant, and since the attorney was just beginning the practice of law, that he was not competent to properly advise him.

■ A defendant is clearly entitled to effective assistance of counsel in determining how he should plead, and can collaterally attack his conviction if not afforded opportunity to exercise this right. 1 C. A. Wright, Federal Practice and Procedure § 171 (1969); Davis v. United States, 5 Cir. 1967, 376 F.2d 535. This right is no less momentous to an accused who must decide whether to plead guilty than to an accused who stands trial. Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948). The test used to determine effectiveness of counsel is however different where there is a guilty plea. In such instance counsel must only insure that the plea is voluntarily and understandingly made to be adequately effective. Lamb v. Beto, 5 Cir. 1970, 423 F. 2d 85; Colson v. Smith, 438 F.2d 1075, 5 Cir. 1971; see also Kress v. United States, 8 Cir. 1969, 411 F.2d 16; Alaway v. United States, D.C.Cal.1968, 280 F.Supp. 326.

In the instant case Lavergne had the benefit of retained counsel's advice after a full jury trial save the instructions. There is no evidence indicating that counsel failed to ascertain the voluntariness of petitioner's plea or was ineffective in assisting in arriving at a proper decision. Counsel conferred with petitioner on repeated occasions and the decision to change the plea was based upon informed deliberation.

■ Under Louisiana Law a death sentence can be imposed only upon a finding by a jury of guilty with capital punishment. No capital sentence is allowed where a defendant is tried by a Judge alone or enters a plea of guilty. A similar penalty provision under 18 U. S.C. § 1201(a), Federal Kidnapping Act, was held to be unconstitutional in United States v. Jackson, 390 U.S. 570, 88 S.

Ct. 1209, 20 L.Ed.2d 138, as imposing an impermissible burden upon the accused's exercise of his Fifth Amendment right not to plead guilty and a Sixth Amendment right to demand trial by jury. The fact that Louisiana's procedure for rendering verdicts with capital punishment may be unconstitutional does not mean that all guilty pleas entered by persons charged with capital offenses in Louisiana are involuntary. The identical question was considered in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), as to a guilty plea under the Federal Kidnapping Act. The Supreme Court in *Brady* reiterated the position it had stated in *Jackson* that the penalty portion of the Federal Kidnapping Act was not inherently coercive of guilty pleas notwithstanding the fact that it tended to discourage defendants from insisting upon their right to trial by jury.

As the Supreme Court said in *Brady*:

"The voluntariness of Brady's plea can be determined only by considering all of the relevant circumstances surrounding it. Cf. Haynes v. [State of] Washington, 373 U.S. 503, 513, 83 S. Ct. 1336, 1343, 10 L.Ed.2d 513, 520 (1963); Leyra v. Denno, 347 U.S. 556, 558, 74 S.Ct. 716, 717, 98 L.Ed. 948, 950 (1954) * * * But even if we assume that Brady would not have pleaded guilty except for the death penalty provision of § 1201(a), this assumption merely identifies the penalty provision as a "but for" cause of his plea. That the statute caused the plea in this sense does not necessarily prove that the plea was coerced and invalid as an involuntary act." Brady v. United States, supra.

■ The relevant circumstances surrounding Lavergne's guilty plea clearly indicate that it was knowingly and intelligently made. Lavergne was arrested in June of 1966 and did not enter a plea of guilty until November 9 of that year. During this time he had benefit of advice from family and friends as well as competent counsel. In addition to this

assistance petitioner also had the added knowledge gained by viewing a two day jury trial including final arguments. It is apparent that Lavergne expected his plea to be taken as a judicial confession of guilt and an acceptance of the fact that legal sanctions would be imposed as a result thereof.

Again quoting the Supreme Court in *Brady*, supra:

"The fact that Brady did not anticipate United States v. Jackson, supra, does not impugn the truth or reliability of his plea. We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions."

Petitioner's allegation that certain illegally obtained admissions and promises of leniency rendered his plea involuntary is without merit. A finding that an admission or confession was involuntary would not necessarily require finding a guilty plea entered as to the charge in question also involuntary. See Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). The time lapse between the admission and the plea is an important consideration. The connection, if one exists, between Lavergne's admission and his guilty plea had "become so attenuated as to dissipate the taint", if in fact a taint exists. Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307, 312 (1939); Wong Sun v. United States, 371 U.S. 471, 491, 83 S.Ct. 407, 9 L.Ed. 441 (1963).

The record indicates that the plea of guilty was entered in Open Court through counsel. The requirement that the record must affirmatively disclose that a defendant who entered a guilty plea did so understandingly and voluntarily which is outlined in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), has not been held to be retroactive. Lavergne's plea was entered and record prepared long before the *Boykin* decision, circumstances clearly indicate that Lavergne's plea was made intelligently and voluntarily and that the record was prepared in accordance with the law and practice existing at the time.

Accordingly, the application for a writ of habeas corpus is denied and the case is dismissed.