**Julia Mae McDONALD, Appellant,**

v.

**S. H. MOORE, as Sheriff of Madison County, Florida, Appellee.**

No. 22137.

United States Court of Appeals
Fifth Circuit.
Nov. 24, 1965.

of Madison County, she sought to withdraw her pleas of guilty and made a motion for a new trial on the grounds that she was without counsel at the time of her arraignment, that she was indigent and unable to employ counsel, and that she was not advised by the court of her right to counsel. The motions were denied. The Circuit Court of Madison County, Florida, affirmed the action of the County Court. No appeal was taken to the Florida District Court of Appeals and no application was made to the Supreme Court of Florida to review the decisions because the Supreme Court of Florida has held that the Gideon [1] doctrine requiring appointment of counsel for indigent persons accused of crime applies only to felonies. Fish v. State, Fla., 159 So.2d 866. The appellant then filed an application for a writ of habeas corpus in the United States district court. In the district court it was held that state remedies had by reason of the decision in the Fish case been pursued to an extent sufficient to warrant application for Federal relief. We are in accord and agree with the district court that the case is to be considered upon the merits.

A. K. Black, Lake City, Fla., for appellant.

George R. Georgieff, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., for appellee.

Before JONES and BELL, Circuit Judges, and JOHNSON, District Judge.

WARREN L. JONES, Circuit Judge:

The appellant was arrested in Madison County, Florida, and charged with the illegal sale of a half pint of gin and the illegal possession of two half pints of gin and nine pints of bourbon whiskey. These offenses are misdemeanors under the law of the State of Florida. She entered pleas of guilty to the several charges in the County Court of Madison County, Florida, and on her pleas of guilty was sentenced to serve six months in the county jail of Madison County or pay a fine of $250.00 for the sale and was given the same penalty for the possession of the bourbon whiskey and the gin. After being committed to the county jail

In any consideration of the problem presented by this appeal, the discussion might well begin with Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. Perhaps the discussion might also end with Powell v. State of Alabama. There the Supreme Court held that, in a case where an illiterate defendant was charged with a capital offense, it was the duty of the court, whether requested or not, to assign counsel as a prerequisite of due process. In so holding, it was said that the court left undecided whether the announced principle would be applicable in other cases. Ten years after the Powell case the Court decided Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. Betts was forty-three years of age and of ordinary intelligence. He was charged with robbery, a non-capital felony, in a state court of Maryland. His defense was

1. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733.

that of an alibi. The Court held, distinguishing rather than extending Powell v. State of Alabama, that the due-process clause of the Fourteenth Amendment does not incorporate, as such, the Sixth Amendment guarantee of a right to counsel, although the denial of such right may, in certain circumstances or in connection with other elements, operate to deprive a defendant of due process of law.

In 1963 was decided Gideon v. Wainwright, supra, which like Betts v. Brady was a noncapital felony charge in a state court. In Gideon the Court quoted with approval from Powell v. State of Alabama, supra, the following:

"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. 287 U.S., at 68–69 [53 S.Ct. 55]." 372 U.S., at 344–345, 83 S.Ct., at 797.

■ In Gideon it was said that Betts v. Brady had departed from the sound wisdom upon which Powell v. State of Alabama rested, and that Betts v. Brady was wrong in concluding that the Sixth Amendment's guarantee of counsel was not a fundamental right which is essential to a fair trial under the Fourteenth Amendment. So, under Gideon, states must now provide counsel for indigent defendants in criminal cases to the same extent as the United States, under like circumstances, must do so in Federal cases.

Gideon was convicted of a felony and, as was noted in the concurring opinion of Mr. Justice Harlan, the extension of the rule to all criminal cases was not there decided. We do not think it can be said that counsel must be appointed in all felony cases but not in any misdemeanor cases. We were informed by counsel for the State of Florida that one or more crimes, designated as misdemeanors under the Florida law, may be punished by imprisonment for as long as seven years. It can scarcely be said that a person charged with having committed such a misdemeanor would not be deprived of a fundamental right if denied the service of counsel, where the right to counsel is guaranteed to one charged with a felony for which the punishment may be no more than a year and a day.

The difficult problem of drawing the line was recognized in Betts v. Brady where, quoting from Coates v. State,[2] it was said, "Charges of small crimes tried before justices of the peace and capital charges tried in the higher courts would equally require the appointment of counsel. Presumably it would be argued that trials in the Traffic Court would require it." It seems unlikely that a person in a municipal court charged with being drunk and disorderly, would be entitled to the services of an attorney at the expense of the state or the municipality. Still less likely is it that a person given a ticket for a traffic violation would have the right to counsel at the expense of the state. If the Constitution requires that counsel be provided in such cases it would seem that in many urban areas there would be a requirement for more

2. 180 Md. 502, 25 A.2d 676.

lawyers than could be made available.[3] Even with the assistance of law students, whose services may be requested under some of the Criminal Justice plans, the demand might come near exceeding the supply.

In a Maryland case the police had stopped a car occupied by Elbert H. Patterson and another. A pistol was found under the front seat. He was indicted on three counts. The trial court refused to appoint counsel. He was convicted and sentenced to two years imprisonment. A Maryland court rule required the appointment of counsel "in all capital or other serious cases." The Supreme Court of Maryland, without discussing the constitutional question, decided that Patterson's case was not a serious case within the meaning of the rule. In determining whether a case was serious, the court said that the nature of the offense, the extent of the potential penalty, and the complexity of the case were factors to be considered. Patterson v. State, 227 Md. 194, 175 A.2d 746. The case reached the Supreme Court during the same term as Gideon and the cause was remanded for further consideration in light of Gideon. Patterson v. Warden, 372 U.S. 776, 83 S.Ct. 1103, 10 L.Ed.2d 137. The Court of Appeals of Maryland remanded to the trial court. Patterson v. State, 231 Md. 509, 191 A.2d 237.

In Arizona the court rule provided that the trial court should assign counsel to represent indigents accused of a felony. William Reed Anderson was accused of a misdemeanor, was refused court-appointed counsel, was convicted and given a sentence of eighteen months. Notwithstanding the difference between the Maryland rule and the rule in Arizona and without considering, apparently, the effect which Gideon might have had on the Maryland rule and its application, it was held in Arizona that counsel must be appointed for indigents accused of a misdemeanor which is a serious offense under peculiar circumstances. State v. Anderson, 96 Ariz. 123, 392 F.2d 784. The peculiar, particular or special circumstance rule seems to have been the rule announced in Betts v. Brady and which was renounced in Gideon.[4]

In Harvey v. State, 340 F.2d 263, decided by this Court on January 12, 1965, the appellant, who was illiterate, had entered a plea of guilty to an illicit-liquor misdemeanor charge without being informed of his right to counsel. In deciding that a writ of habeas corpus should have issued, this court quoted with approval from an opinion of the District of Columbia Circuit this statement of principle:

"It is * * * suggested * * that the constitutional guaranty of the right to the assistance of counsel in a criminal case does not apply except in the event of 'serious offenses.' No such differentiation is made in the working of the guaranty itself, and we are cited to no authority, and know of none, making this distinction. The purpose of the guaranty is to give assurance against deprivation of life or liberty except strictly according to law. The petitioner would be as effectively deprived of his liberty by a sentence to a year in jail for the crime of non-support of a minor child as by a sentence to a year in jail for any other crime, however serious. And so far as the right to the assistance of counsel is concerned, the Constitution draws no

3. In Jacksonville, Florida, the residence of the writer of this opinion, over 1,100 persons are charged in the Municipal Court during an average week with non-felony offenses, of which something less than 60% are for traffic violations. There are less than 600 active members of the Jacksonville bar.

4. It has been suggested that a rule of thumb might be adopted as to permit the denial of counsel in petty offenses as defined in 18 U.S.C.A. § 1 and to require the appointment of counsel in cases of other crimes. Such a rule would provide a rule of certainty and one which might be fair in most situations although it would be difficult to sustain on any legal ground. Cf. United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23, Note 12.

distinction between loss of liberty for a short period and such loss for a long one." Evans v. Rives, 1942, 75 U.S.App.D.C. 242, 126 F.2d 633, 638.

In approving the above quotation this Court has, we think, rejected the "serious offense" rule. We also think that Gideon has repudiated the Betts v. Brady ad hoc special circumstance rule of "an appraisal of the totality of facts in a given case." We are without any authority authorizing the announcement of a petty offense rule. We are not, fortunately, precluded from following precedent. In the Harvey case the facts were so similar to those in the case before us as to permit, and probably to require that our decision be the same as was there announced. There it was held that the failure to notify the appellant of his right to the assistance of counsel rendered the plea of guilty and the judgment of conviction and sentence constitutionally invalid. We make the same holding as to the appellant here.

The judgment of the district court denying the appellant's habeas corpus application will be reversed and the cause remanded for further proceedings.

Reversed and remanded.