Freddie L. **RUTLEDGE**, Petitioner,

v.

The **CITY OF MIAMI**, a Political subdivision of the State of Florida and Walter Headley, as Chief of Police, City of Miami, Respondent.

Civ–CA No. 67–288.

United States District Court
S. D. Florida,
Miami Division.

April 25, 1967.

Joseph Segor, of Economic Opportunity Legal Services Program, Inc., Miami, Fla., for petitioner.

William Porter, Asst. City Atty., Miami, Fla., for respondents.

## OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS

ATKINS, District Judge.

The Petitioner, Freddie L. Rutledge, by his petition for writ of habeas corpus seeks immediate relief from the jail sentence of sixty days and the fine of $500 or sixty additional days in jail that was imposed upon him by the Municipal Court in and for the City of Miami, Florida after the petitioner was found guilty of the offense of assault with a gun.

Sentence was imposed after a trial of the cause by the court upon the entry of a plea of not guilty. Because he lacked benefit of counsel, the petitioner did not prosecute an appeal. Nor for that matter did the defendant attempt to collaterally attack the judgment of conviction and sentence entered thereon in the state courts of Florida.

■ Notwithstanding the failure of the petitioner to seek relief in the state courts by either proceeding under Criminal Procedure Rule 1 of the Florida Supreme Court, F.S.A. Ch. 924 Appendix or by petition for habeas corpus, this Court upon petition assumed jurisdiction to hear the petition. Recent decisions of the Florida Supreme Court reveal clearly that petitioner has no adequate avenue for relief in the state courts. State of Florida ex rel. Taylor v. Warden of Orange County Prison Farm, 193 So. 2d 606 (Fla.1967). See also Watkins v. Morris, 179 So.2d 348, 349 (Fla.1965); Fish v. State, 159 So.2d 866 (Fla.1964). It therefore would be futile for the petitioner to attempt to exhaust available state remedies. Under these circum-

stances the failure to satisfy the rule of exhaustion is not a bar to federal jurisdiction. McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Reed v. Beto, 343 F.2d 723 (5th Cir. 1965); Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964); Garton v. Tinsley, 171 F.Supp. 387 (D. Colo.1959); Smith v. Brough, 248 F. Supp. 435 (D.Md.1965); Goldberg v. Hendrick, 254 F.Supp. 286 (E.D.Penn. 1966).

■ There are two questions presented by this petition. The first question is whether under the circumstances of this case there was a right to court appointed counsel in the Municipal Court of the City of Miami. The second question is whether petitioner waived his right to the appointment of counsel. Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965) and McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965) dictate that the first question be answered in the affirmative. The latter of these two recent Fifth Circuit Court of Appeals decisions arose out of a County Court constituted in Florida. The defendant in *McDonald* was sentenced to six months in jail and was ordered to pay a fine of $250 after being tried upon his plea of guilty to a misdemeanor charge. From a denial by the United States District Court for the Middle District of Florida of his petition for habeas corpus, the defendant prosecuted an appeal. In reversing the District Court, the Fifth Circuit Court of Appeals held that there was a right to court appointed counsel. Similarly, in Harvey v. State of Mississippi, failure of the trial court to inform the accused that he could avail himself of court appointed counsel resulted in a reversal of a judgment of conviction entered upon a misdemeanor charge which subjected the accused to a jail sentence of up to ninety days and a fine of up to $500.

*Harvey* and *McDonald* each dealt with the right to appointed counsel where a plea of guilty had been entered by a defendant.

The right to appointed counsel in misdemeanor cases recognized by *Harvey* and *McDonald* applies equally to the pres-

ent case wherein petitioner plead not guilty to the offense charged and then went to trial without the aid of counsel.

■ Respondent would have this Court view the denial of a writ of certiorari by the United States Supreme Court in Winters v. Beck, 239 Ark. 1151, 397 S.W.2d 364 (1966), cert. denied 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137 No. 75 Misc., as authority for the proposition that Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) does not apply to misdemeanor cases prosecuted in state courts. Such an interpretation, consonant with established rules, cannot be accorded to the denial of a petition of certiorari. Invariably it is held that a denial of certiorari jurisdiction does not carry with it the presumption that the appellate court affirms *sub silentio* the action taken by the lower court. State of Maryland v. Baltimore Radio Show, Inc., 338 U.S. 912, 70 S.Ct. 252, 94 L.Ed. 562 (1950); Martin v. Texas, 382 U.S. 928, 86 S.Ct. 307, 15 L.Ed.2d 340 (1965) (memorandum opinion); Texas Construction Co. v. United States for Use of Caldwell Foundry & Machine Co., 236 F.2d 138 (5th Cir. 1956). Accordingly, until the *Harvey* and *McDonald* cases are expressly overruled by the United States Supreme Court or receded from by the Fifth Circuit Court of Appeals, they stand as binding authority upon this Court.

■ An evidentiary hearing pursuant to 28 U.S.C. § 2254 was accorded the petitioner. Testimony adduced at the hearing established the pleaded allegations in the writ. Further material and relevant testimony was presented relative to the practice in the Municipal Court in and for the City of Miami. At the time of petitioner's trial there was no public defender program operative in the Municipal Court. That court did not undertake to appoint counsel for indigent defendants unless the court was requested to do so. As a general practice, those indigent defendants who requested counsel were referred by the court to the Economic Opportunity Legal

Services Program. However, insofar as the facts of this case are concerned, the Municipal Court Judge who presided at the trial of the petitioner could not recall whether the petitioner was informed that he could seek counsel from the Economic Opportunity Legal Services Program. Petitioner affirmatively stated that he was not informed that, as an indigent, he could have counsel appointed for him. In point of law, the discrepancy between a statement as to what is generally followed in practice and uncontroverted testimony as to what in fact was done should be resolved in favor of the latter. See Browning v. Crouse, 356 F.2d 178 (10th Cir. 1966); cert. denied 384 U.S. 973, 86 S.Ct. 1864, 16 L.Ed.2d 683 (1966).

■ With respect to the second question it affirmatively appears that petitioner was not advised of his right to court appointed counsel and did not waive that right. Thereupon, it is

Ordered and adjudged that the Writ of Habeas Corpus be and the same is hereby granted and petitioner is to be discharged from custody.