**Sisrow BRINSON, Petitioner,**

v.

**STATE OF FLORIDA, County of Dade, and E. Wilson Purdy, as Sheriff of Dade County, Respondents.**

No. 67–555–Civ.

United States District Court
S. D. Florida.

June 14, 1967.

Henry Edgar, Miami, Fla., for petitioner.

Roy Wood, Asst. State Atty., Miami, Fla., for respondent.

### ORDER

FULTON, Chief Judge.

In his petition for writ of habeas corpus, petitioner asks this Court to expand even further the outer limits of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), this time to traffic offenses.

The facts giving rise to his petition are not disputed.  After pleas of not guilty, Sisrow Brinson was convicted of seven traffic offenses in the Metropolitan Court of Dade County, Florida.  Fines totalling $1,000 were imposed upon him, in default of which he was to serve a total of 170 days in jail.  Not being able to pay the fine, petitioner has been incarcerated in the Dade County Jail since April 17, 1967, the date of his conviction, serving these sentences.  At no time during these proceedings was he advised of a right to counsel or that if

he could not afford to retain counsel, the State or County would appoint an attorney to represent him.

Appeal from petitioner's conviction in the Metropolitan Court lies in the Dade County Circuit Court. Although generally a notice of appeal must be filed within twenty days from the date of such a conviction, this time is tolled by the filing of a motion for new trial. After his conviction, petitioner timely moved for new trial, which motion was denied on May 10, 1967. Rather than attempt to then appeal his conviction or attack it collaterally by state habeas corpus proceedings, petitioner—now having the help of counsel—filed his present application for relief under 28 U.S.C. § 2254.

Petitioner contends that in reality there are no state remedies available to him by virtue of the Florida Supreme Court's declaration of Florida law on the right to counsel in misdemeanor cases. The Court first announced Florida's position in this respect in Fish v. State of Florida, 159 So.2d 866 (Fla. 1963), and adhered to that position in Watkins v. Morris, 179 So.2d 348 (Fla. 1965). In Watkins, the Court stated that it was not overlooking the recent decision of the Court of Appeals for the Fifth Circuit in Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965), which reached the opposite result. However, the Florida Court said that "until authoritatively determined to the contrary by the Supreme Court of the United States, the rule in Florida is that there is no absolute, organic right to counsel in misdemeanor trials." Watkins v. Morris, supra, at 349.

The United States Supreme Court has not squarely faced this issue to date. However, it collaterally encountered the problem in In the Matter of Gault, 87 S.Ct. 1428, 18 L.Ed.2d 1428 (May 15, 1967), where a fifteen year old boy was found by an Arizona Juvenile Court to be a juvenile delinquent and was committed to a state institution for six years, until he reached age twenty-one, without having been afforded any traditional constitutional rights. The delinquency finding was based on the charge that the boy made a telephone call in which he used lewd and offensive language, a charge which is—for an adult—a misdemeanor punishable by a maximum of two months imprisonment.

After declaring that "[a] proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution," the Court held that in such cases a juvenile is entitled to the "guiding hand of counsel," either private or court appointed if he cannot afford private counsel. Thus although the offense with which the Gault boy was charged was technically a misdemeanor, the Supreme Court said that because of the felony-like gravity of the consequences he faced, he had a right to counsel.

In light of the *Gault* decision and its rationale, this Court cannot predict what the Florida courts will do when again confronted with the problem in the instant case. Thus it cannot be said that petitioner has exhausted presently available state remedies. While this Court recognizes that exhaustion of state remedies is not necessarily a pre-requisite to its jurisdiction, nonetheless it is still an established rule of comity. Whippler v. Balkcom, 342 F.2d 388 (5th Cir. 1965). As recently noted by the Court of Appeals for the Fifth Circuit:

"[I]n the exercise of comity and good federalism as well as proper federal-state relations, the [Florida] state courts should first have an opportunity to rule on this question as presented in this case. It would be unseemly in our dual system of government under these circumstances for a federal court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Clarke v. Grimes, 374 F.2d 550 (5th Cir. 1967).

Even if this petition were to be considered on its merits, no Court has gone

so far as to extend the right to counsel to traffic violations. Petitioner relies on two 1965 Court of Appeals cases: McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965), and Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965), as well as a recent decision of this Court in Rutledge v. City of Miami, D.C., 267 F.Supp. 885, none of which cases concern a traffic offense.

In fact, in the *McDonald* case, the Court in dicta indicated its inclination not to extend the right to counsel to traffic violation cases.

> "It seems unlikely that a person in a municipal court charged with being drunk and disorderly, would be entitled to the services of an attorney at the expense of the state or the municipality. *Still less likely is it that a person given a ticket for a traffic violation would have the right to counsel at the expense of the state.*" (Emphasis added.) McDonald v. Moore, supra, at 108.

The Court apparently realized that it would be utterly unrealistic to expand the right to counsel that far, for,

> "If the Constitution requires that counsel be provided in such cases, it would seem that in many urban areas there would be a requirement for more lawyers than could be made available. Even with the assistance of law students whose services may be requested under some of the Criminal Justice plans, the demand might come near exceeding the supply." McDonald v. Moore, supra, at 108–109.

Dade County's Metropolitan Court, the principal forum for resolution of traffic charges, disposes of approximately 1200 cases per day. It can readily be seen that even with Dade County's rather plentiful supply of lawyers—somewhere in the neighborhood of 2,000—plus several hundred law students, the demand would rapidly exceed the supply.

 This Court finds that under these circumstances, practical considerations must come into play. As one North Carolina District Judge noted, "unfortunate as it may seem to some, we live in a society where practical considerations must be taken into account." Somewhere between the extremes of a parking ticket and a capital offense, a line must be drawn concerning the right to counsel. The judge noted that none of the rights secured by the Bill of Rights are absolute, but they are relative, qualified by "practical exigencies." "A balance must be struck between what might be thought to be an ideal situation and what is humanly possible to achieve. Above all, the administration of justice must not be thrown into senseless chaos." Creighton v. State of North Carolina, 257 F.Supp. 806 (N.C.1966).

 If the right to counsel exists in cases concerning traffic violations, it should be declared by the appellate courts, not by this trial court. Considering all of the foregoing, it is thereupon,

Ordered and adjudged that the petition for writ of habeas corpus be and the same is hereby denied.