James M. GOSLIN, Jr., Sheriff of Caddo Parish, Appellant,

v.

Willie Lee THOMAS, Appellee.

No. 24797.

United States Court of Appeals
Fifth Circuit.

Aug. 21, 1968.

Cornelius J. Bolin, Jr., Asst. Dist. Atty., Shreveport, La., for appellant.

John D. Goodwin, Shreveport, La., for appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and WRIGHT,* Circuit Judges.

GEWIN, Circuit Judge:

The appellant seeks a reversal of the order of the United States District Court for the Western District of Louisiana granting relief upon the petition of Willie Lee Thomas for the writ of habeas corpus. The sole question before the district court was whether the right to counsel under the Sixth and Four-

teenth Amendments extends to state misdemeanor cases. The district court held that it does and we affirm. The decision of the district court is reported in In re Thomas, 261 F.Supp. 263 (1966).

Thomas, in his petition in the lower court, asserted that he had been denied counsel in four state court misdemeanor proceedings. The record reveals that his first conviction was for simple battery on August 6, 1963. He was represented by retained counsel on this misdemeanor charge and received a two year suspended sentence.[1] His next encounter with the law came on April 28, 1964, when he was convicted, without the aid of counsel, of theft and was given a six-month sentence.[2] Three days later, on May 1, 1964, he was again brought into court without being offered or furnished the assistance of counsel, and on the basis of the theft conviction, the previous suspension of his two-year sentence for battery was revoked.

Thomas subsequently escaped from the parish jail but was quickly recaptured on two separate occasions. On trial for the first escape, he was convicted on August 24, 1964, and sentenced to sixty days in jail. The second escape came on February 10, 1965, and six days later he was convicted of this offense and received the maximum one year sentence.[3] In neither of these latter trials was he offered or furnished the assistance of counsel.

Finding the results of his two escapes to be somewhat less than successful, Thomas began pursuing legal avenues to obtain his release. His initial effort

* From the D.C.Circuit, sitting by designation.

1. LSA–R.S. 14:35 provides in pertinent part that:
    "Whoever commits a simple battery shall be fined not more than three hundred dollars, or imprisoned for not more than two years, or both."

2. LSA–R.S. 14:67 provides in pertinent part that:
    "When the misappropriation or taking amounts to less than a value of twenty dollars, the offender shall be fined not

more than one hundred dollars, or imprisoned for not more than six months, or both."

3. LSA–R.S. 14:110 provides in pertinent part that:
    "Whoever not having been sentenced to the Louisiana state penitentiary, commits the crime of simple escape, shall be imprisoned for not more than one year, provided that such sentence shall not run concurrently with any other sentence."

was a habeas corpus petition in the First Judicial District Court of Louisiana which was denied. On October 20, 1966, a petition for a writ of mandamus in the Louisiana Supreme Court was also denied. State v. Thomas, 249 La. 742, 190 So.2d 909 (1966). Having exhausted his state remedies on the right to counsel question, he sought habeas corpus relief in the United States District Court.

A hearing was held on November 2, 1966, at which time Thomas testified that no one advised him of his right to counsel although he desired counsel and that he and his family were financially incapable of hiring an attorney. In its opinion the district court granted relief, stating that "petitioner's guaranteed rights under the Sixth and Fourteenth Amendments were violated when he was convicted on the basis of his guilty plea entered without the assistance of counsel and without being advised of his right to the assistance of counsel."

The district court confined its inquiry entirely to the final escape conviction for which Thomas received the maximum one-year penalty, finding that as a matter of fact he had served all sentences but eight months resulting from his last escape conviction [4].

The appellant contends that the district court erred in holding that the appointment of counsel for an indigent defendant at state expense is a necessary prerequisite to a valid conviction in a state misdemeanor case. It is argued that such a holding would impose an impossible burden on state administration of justice.

A consideration of the recent history of the right to counsel cases may begin with the Supreme Court decision in the case of Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.

L.R. 527 (1935). That case involved a state criminal prosecution for the offense of rape. The defendants were convicted and sentenced to the death penalty without being provided the effective assistance of counsel. The Supreme Court for the first time held, at least under the particular circumstances of that case, that the assistance of counsel in a state court was necessary to a fair trial as guaranteed by the Fourteenth Amendment. Some years later, in the case of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), the Supreme Court confined the recently expanded right to counsel within narrow borders. The *Betts* case involved a state felony conviction for robbery and the imposition of an eight-year sentence. The Court held that the Sixth Amendment's guarantee of counsel was applicable only to the Federal government and that only where "special circumstances" existed did the due process clause of the Fourteenth Amendment require that an indigent defendant be provided counsel.

The "special circumstances" rule was subsequently severely criticized by the commentators and slowly eroded by subsequent decisions of the Supreme Court. See generally Meador, Preludes to Gideon (1967). The coup de grace came with the decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), wherein the Court expressly overruled the Betts v. Brady "special circumstances" test, and held that the guarantee of the right to counsel under the Sixth Amendment was applicable to the states. In *Gideon*, Mr. Justice Black stated, "in our adversary system of criminal justice, *any person* haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." (Emphasis supplied). Even though *Gideon* involved a felony under Florida law, the language used in the opinion makes

---

4. The district court concluded:
    "Inasmuch as petitioner has been incarcerated since May 1, 1964, except for brief periods of freedom as an escapee, he has served all of his sentences but eight months of the one-year sentence received as a result of the last escape. Therefore, we concern ourselves with that conviction and resulting confinement only." 261 F.Supp. at 264.

no attempt to differentiate between felonies and misdemeanors, but rather seems to support the argument that the right to counsel is essential in all criminal prosecutions.[5]

Whatever may be the eventual interpretation of the *Gideon* decision, it is clear that this circuit has adopted the broad view with respect to the rights to counsel in misdemeanor cases. In Harvey v. State of Mississippi, 340 F.2d 263 (5 Cir. 1963), we were concerned with a defendant who had been convicted of the state misdemeanor offense of illegal possession of whiskey. Under Mississippi law this offense was punishable by a maximum fine of $500.00 and maximum confinement of 90 days in jail. Harvey was not advised of his right to the assistance of counsel and entered a plea of guilty without receiving such assistance. In setting aside his conviction, this court in a habeas corpus proceeding recognized that the cases upon which it relied all involved felony convictions, but it was observed that the rule did not depend on a felony-misdemeanor dichotomy. We there stated:

"One accused of crime has the right to the assistance of counsel before entering a plea because of the disadvantageous position of an unassisted layman in a court of law and because of the serious consequences which may attend a guilty plea. Such disadvantages and consequences may weigh as heavily on an accused misdemeanant as on an accused felon."

This court reaffirmed this position in McDonald v. Moore, 353 F.2d 106 (5 Cir. 1965), in which the accused was charged with the illegal sale of a half pint of gin and the illegal possession of two half pints of gin and nine pints of bourbon whiskey. These offenses are both misdemeanors under the law of Florida. Although the maximum penalty was not set forth in the court's opinion, McDonald was sentenced to serve six months in the county jail or pay a $250.00 fine for each offense. Again we held that the conviction and sentence were invalid due to the failure of the state to advise the appellant of his right to the assistance of counsel.

It is interesting to note that while both the above cases make reference to the *Gideon* case, neither depends upon it for the principle enunciated—namely, that the Sixth Amendment guarantee of the right to counsel does extend to misdemeanor cases.

During oral argument the state urged us to delay our decision until the Supreme Court rendered its decision in Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). We waited for that decision as requested. The *Duncan* case involved the question of whether the defendant had the right to a jury trial in misdemeanor cases. Evidently the state felt

5. That part of the Gideon opinion often quoted for this position reads as follows:
"Governments, both state and federal, quite properly spend vast sums of money to establish machinery to try defendants accused of crime. Lawyers to prosecute are everywhere deemed essential to protect the public's interest in an orderly society. Similarly, there are few defendants charged with crime, few indeed, who fail to hire the best lawyers they can get to prepare and present their defenses. That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the widespread belief that lawyers in criminal courts are necessities, not luxuries. The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him." 372 U.S. at 344, 83 S.Ct. at 796.

that the decision in *Duncan*, since it also related to misdemeanors, would have some bearing on the issue here presented. If the *Duncan* court had concluded that there was no right to trial by jury in misdemeanor cases the state could logically argue that the same principle or rule would apply with respect to the right to counsel in such cases. However, the *Duncan* decision went the other way. It held that the right to trial by jury in misdemeanor cases in state courts was fundamental to the American scheme of justice in all criminal cases which would come within the Sixth Amendment's guarantee of a jury trial were they to be tried in federal court. Duncan was tried on a charge of simple battery, a misdemeanor punishable by a maximum fine of $300.00 and two years imprisonment or both. He was denied a jury trial, was convicted and sentenced to serve 60 days in the parish prison and to pay a fine of $150.00. His conviction was reversed. The rationale of *Duncan* supports the Fifth Circuit rule in our opinion. Surely it does not undermine or erode our former decisions. Indeed, the right to counsel may be more important than the right to a jury trial if the two are to be compared. It often happens that the only effective means of securing other valuable constitutional rights is through competent counsel.[6]

In the case *sub judice*, Willie Lee Thomas pleaded guilty to a charge of escape and was given the maximum penalty of one year's confinement, never having been advised of his right to the assistance of counsel. The district court committed no error in granting Thomas relief on his petition for habeas corpus. See Stubblefield v. Beto, 5 Cir. 1968, 399 F.2d 424 [July 24, 1968]; Brinson v. State of Florida, 273 F.Supp. 840 (S.D. Fla.1967); Rutledge v. City of Miami, 267 F.Supp. 885 (S.D.Fla.1967).

Affirmed.

---

6. We do not consider the question of the delineation of a petty offense rule. However, we do note that the maximum penalty in the *Harvey* case, supra, was only a fine of $500.00 and confinement for 90 days.