Will PHILLIPS, Kelly Lee Dillard, Eve-
lyn Jean Denton, Billy Smith, Johnny
Mabry and Trellis Vance, individually
and on behalf of those similarly situ-
ated, Plaintiffs,

v.

D. L. COLE, as Mayor and Police Jus-
tice of the City of Indianola, Mississip-
pi; Frank Crosthwait, Jr., as County
Attorney of Sunflower County, Missis-
sippi; J. D. Thomas, as Chancellor of
Place Two of the Ninth Chancery Dis-
trict of Mississippi; Ernest Kellner, as
Chancellor of Place One of the Ninth
Chancery District of Mississippi; and
Jack Harper, Jr., as Youth Court Ref-
eree of Sunflower County, Mississippi,
Defendants.

Civ. A. No. GC6842–K.

United States District Court
N. D. Mississippi,
Greenville Division.

Oct. 3, 1968.

L. A. Aschenbrenner, Robert Fitz-
patrick, Jackson, Miss., for plaintiffs.

Frank Crosthwait, Jr., Indianola, Miss., Will S. Wells, Asst. Atty. Gen., State of Mississippi, Jackson, Miss., for defendants.

KEADY, Chief Judge.

## MEMORANDUM OPINION

This is an action brought by plaintiffs, pursuant to 42 U.S.C. § 1983, to secure a preliminary and permanent injunction restraining defendants and their successors in office from trying plaintiffs, who are indigent juveniles, on charges of delinquency in the youth court or for misdemeanors in the Mayor's court without advising them of their right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, and without appointing counsel to represent their interests, in the absence of an intelligent and voluntary relinquishment of such right. Pursuant to notice, a hearing on the motion for preliminary injunction was had, at which time evidence was offered by both sides. In a bench ruling, the court held as follows:

## FINDINGS OF FACT

Will Phillips, Kelly Lee Dillard, Evelyn Jean Denton, Billy Smith, Johnny Mabry, and Trellis Vance, the named plaintiffs, who appear through their parents or next friend, are each minors under the age of 18 years, are members of the Negro race, and reside in Sunflower County, Mississippi. They are full time students attending the public schools in Indianola, Mississippi.

On July 6, 1968 affidavits were made in the Mayor's Court against plaintiff Johnny Mabry, charging him with misdemeanors of disobeying a police officer and disorderly conduct, and on August 30, 1968 an additional charge of disobeying a police officer was filed against him. On September 9, 1968 affidavits against plaintiffs Will Phillips, Kelly Dillard, Billy Smith, Evelyn Denton, and Trellis Vance were filed in the Mayor's Court, charging each of them with the misdemeanors of malicious trespass, dis-

orderly conduct, and disturbing the peace. The conduct of plaintiffs forming the basis of these charges arose out of boycott and civil rights activities relating to school protests on the part of certain elements of the Negro community at Indianola. Plaintiffs have been arrested upon these criminal charges.

On September 11, 1968 petitions were filed by the County Attorney in the Chancery Court of Sunflower County, Youth Court Division, against the named plaintiffs and invoking Youth Court jurisdiction in connection with the alleged commission by each plaintiff of the aforesaid charges of misdemeanors previously lodged against them in the Mayor's Court.

Conviction in the Mayor's Court would carry a maximum sentence of $500.00 or six months in the county jail, or both. Commitment by the Youth Court in a training school might be for a maximum period of time extending until each plaintiff was 20 years of age.

In the past and continuing until this date, the uniform practice in both the Mayor's Court and the Youth Court Division of the Chancery Court of Sunflower County has been, and is, to advise a person accused of violation of law that he has the right to be represented by counsel and to advise him that a delay of trial can be obtained to give him an opportunity to procure counsel. Neither of these courts has conducted, nor do they now conduct, an inquiry into whether a particular accused before the bar has financial means or financial ability to hire counsel. Neither court has in fact advised the accused juvenile, nor any accused in proceedings before them, that if he is without funds for such purpose the court will employ an attorney to represent him. In short, the accused is not advised that in all events he has the right to be represented by counsel.

During the year 1967 approximately 169 youth court cases were handled by the Youth Court Division of the Sunflower County Chancery Court; and a greater number than that was handled by the Mayor's Court of Indianola. It

does not appear how many, if any, of these convictions were of defendants who were indigent nor how many of them were in fact represented by counsel.

The City of Indianola has adopted an ordinance making the violation of any of the criminal statutes of the State a violation of municipal law. The offenses charged in the several affidavits filed in the Mayor's Court against plaintiffs constitute criminal offenses against the City.

Hearings with respect to the charges pending against plaintiffs, either in the Youth Court or in the Mayor's Court, have not yet been conducted. The complaint filed in the federal court, seeking a preliminary injunction against such proceedings without observance of the Sixth Amendment rights of the plaintiffs, has resulted, momentarily, in a stay or delay of the state court proceedings. As of this date there has been no inquiry by either the Mayor's Court or the Youth Court Division of the Sunflower County Chancery Court into the indigency of plaintiffs, or any of them, nor has either court yet advised any plaintiff that if he does not have funds with which to employ counsel the court will furnish counsel to represent his interests, unless he wishes to proceed without an attorney. There is evidence that the plaintiffs may be indigent and that they desire to be represented by counsel in the State court proceedings.

## CONCLUSIONS OF LAW

### I.

 Jurisdiction exists for this court by virtue of 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments of the Constitution of the United States. Although this Court is mindful of the limitations prescribed by § 2283, Title 28 U.S.C., commonly known as the federal anti-injunction statute, and all principles of comity existing with respect to pending State court proceedings, both the statutory limitations and laws of comity must yield to federal injunctive relief, despite the pendency of a State court proceeding, where it is the only means for the avoidance of grave, irreparable injury in a situation involving impending infringement of constitutional rights. Machesky v. Bizzell, USDC, ND Miss., 288 F.Supp. 295, decided August 13, 1968. Ordinarily, federal courts refuse to interfere with or embarrass proceedings in State courts save in those exceptional cases which call for interposition of a court of equity to prevent irreparable injury which is clear and imminent, as held in Douglas v. City of Jeanette, 319 U.S. 157–163, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Tested by this standard, the facts of the case at bar require the exercise of federal equity power.

### II.

 Although this case presents the first occasion in Mississippi for invoking Sixth Amendment rights in misdemeanor and youth court cases, the constitutional principles contended for are clear and well established. The Sixth and Fourteenth Amendments to the federal Constitution grant, in unmistakable terms, to every person accused of crime or violation of law by either the federal, State or local governments, the right to counsel and the effective assistance of counsel. That constitutional right, the observance of which is of first importance, has been interpreted as including the right for an accused to be advised that he is not required to proceed to trial in any prosecution of crime without the aid of an attorney and that such trial will be reasonably delayed until an attorney can be obtained. Defendants have complied with that portion of the constitutional requirement. However, the requirement goes further: an accused must specifically be told by the court, before he may intelligently decide whether or not to waive his right to counsel, that if he does not have adequate funds with which to employ counsel the court, at no cost to him, will appoint a lawyer to represent his interests. Unless and until this specific information is brought home to an accused, he may very well

labor under the impression that the right to counsel exists only for those persons who can afford to pay for an attorney's services. And where the accused desires to be represented by counsel, and he is found by the court to be indigent, counsel must be furnished before the proceeding may lawfully progress. The Supreme Court of the United States in various cases following the Gideon[1] decision has made it very clear that right of counsel is a substantial and fundamental one which is not to be frittered away; on the contrary, it should be protected by courts, State or federal, which are charged with a duty of assuming the full initiative and making of essential inquiry in order that the accused might fully understand the nature and scope of his Sixth Amendment rights for representation by counsel. Courts, better than laymen charged with violation of law, are cognizant of the function and assistance supplied by counsel in the search for justice in a criminal trial; courts, rather than indigents, must make certain the right of counsel is not bypassed through ignorance or misconception on the part of an accused, and that the accused, in making his decision, is fully advised of the situation. The wisdom of this rule is strikingly apparent here as the named plaintiffs are each minors under 18 years of age and are school children; they obviously are without funds and for the most part their parents or persons in loco parentis, appear to be indigent. Facts of this nature should alert any court to the necessity for conducting, affirmatively, a proper inquiry regarding right of counsel. Even in the absence of such an evident alert, a court has the inherent duty of satisfying itself by ascertaining from any person, adult or infant, whether or not he has funds with which to hire counsel and to make a good faith determination of indigency, and in those cases where indigency is found to exist, and after full advice, if the accused does not waive an offer of court-appointed counsel, the court has the further duty of appointing counsel to represent him before proceeding with trial.

### III.

■ The right of counsel provided by the Sixth Amendment has been, insofar as the Fifth Circuit Court of Appeals is concerned, made applicable to misdemeanors as well as to felonies. The Court of Appeals has specifically rejected any suggestions for the elimination of the constitutional right of counsel in petty offense cases. Harvey v. Mississippi, 340 F.2d 263 (1965); McDonald v. Moore, 353 F.2d 106 (1965). The reaffirming decision of the Goslin v. Thomas case, 400 F.2d 594, Slip Opinion dated August 21, 1968, emphasized that the right of counsel, unless intelligently waived, is absolute in all misdemeanor cases:

"One accused of crime has the right to the assistance of counsel before entering a plea because of the disadvantageous position of an unassisted layman in a court of law and because of the serious consequences which may attend a guilty plea. Such disadvantages and consequences may weigh as heavily on an accused misdemeanant as on an accused felon." Harvey v. Mississippi, supra, at 269.

### IV.

In Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), it was decided that juveniles, no less than adults, have the same constitutional rights, standard under the United States Constitution; and specifically, the right of counsel was recognized as an indispensable part of due process insofar as concerns the operation of a juvenile court or a youth court.

### V.

In the light of the foregoing conclusions, the court is brought to the ultimate problem in this case of State law, apparently, failing to provide a method of clearly employing and compensating

1. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

court-appointed counsel in other than felony cases. Of what relevancy, one may ask, is it that State judicial officers, such as defendants here, who are acting in good faith in the discharge of their duties, lack the authority to compensate counsel they might appoint in misdemeanor cases? The answer must, and can only, be that constitutional rights must be recognized and upheld, regardless of consequences. This court recognizes that the lack of hiring authority may cause real concern, as well as undoubted confusion, to State law enforcement officers and State judges. It is fair to observe that if there is a dilemma which here results, it is not caused by recognition of Sixth Amendment rights as consistently interpreted in the Fifth Circuit in the three years since the Harvey decision. Any legal vacuum resulting in the State criminal proceedings is a situation for which responsibility cannot be laid at the door of this court. The State of Mississippi, in undertaking to define crime and prosecution thereof, must, at all events, comply with the demands of the Constitution of the United States. Inaction, or failure to act in passing necessary legislation to meet this problem, will not militate against the maintenance of the constitutional right. In those terms, continued local inertia will be the root cause of bringing to a grinding halt prosecutions of misdemeanors and like offenses because of procedural constitutional infirmity. The practical effects of the holding today cannot become a matter of concern, for my obligation is to uphold the United States Constitution, upon practically undisputed facts, in accordance with the decided, controlling decisions on the subject.

## VI.

I, for the reasons above stated, shall issue a preliminary injunction against defendants, forbidding them to proceed against plaintiffs and members of their classes in cases of criminal or youth court offenses falling within their respective jurisdictions without securing to the accused their Sixth Amendment rights as set forth herein. The exact terms of the preliminary injunction are to be spelled out in an order issued today.