**William Napoleon BOYER, Petitioner,**

v.

**CITY OF ORLANDO, Respondent.**

**Civ. No. 68–188–ORL.**

United States District Court
M. D. Florida,
Orlando Division.

Oct. 7, 1968.

Jerome J. Bornstein, Orlando, Fla., for petitioner.

Joseph DuMond, Jr., Orlando, Fla., for respondent.

## OPINION

GEORGE C. YOUNG, District Judge.

In this cause the petitioner, WILLIAM NAPOLEON BOYER, presently in cus-

tody of the City of Orlando, Florida, filed with this Court on September 30, 1968, his petition for writ of habeas corpus with the prayer that he be permitted to proceed in forma pauperis. Inasmuch as the requisite affidavit of poverty was attached to the petition, this Court entered its order on the same date authorizing the petition to be filed without the prepayment of filing fees or other costs. Also, because the petitioner alleged that he had been convicted without counsel; that he was financially unable to afford counsel, and that the trial judge either failed or refused to appoint counsel to represent him, this Court in its aforesaid order of September 30, 1968, directed the respondent, City of Orlando, through its authorized representative to file its response to the petition by 12:00 o'clock noon, October 3, 1968, and further set this proceeding for hearing before this Court at 3:00 o'clock P.M., October 3, 1968. Because it appeared from the allegations of the petition that the grounds set forth as a basis for claimed relief were solely matters of law, it was unnecessary for the petitioner to be present in person. The petitioner was represented by counsel in this proceeding who advised the Court that he had been retained by the American Civil Liberties Union.

Before considering the positions of counsel for the respective parties, there should be set forth the undisputed facts from which the conflicting positions arise and from which this Court has made its determinations. On September 20, 1968, the petitioner was arrested by the City of Orlando on a charge of disorderly conduct and on a charge of interfering with or resisting a police officer in the discharge of his duties. Each of the offenses carry under the Code of the City of Orlando, a maximum penalty of $120.00 fine or sixty (60) days imprisonment, or both. The petitioner pled not guilty to each of the charges; was tried without a jury by the City Judge of the City of Orlando, and upon being found guilty of each charge was sentenced on each charge to paying a fine of $120.00 or imprisoned for sixty (60) days in the City Prison Farm for a total fine of $240.00 or one hundred twenty (120) days. Petitioner was unable to pay the fine and is therefore presently in custody of the City of Orlando serving the aforesaid sentences which were to run consecutively.

In the proceeding before the City Judge, the petitioner was not represented by counsel, he was unable to afford counsel of his own choice and there is no evidence before this Court that he waived his right to counsel.

At the hearing on October 3, before this Court, the petitioner's counsel contended that this Court should enunciate a rule binding on the Courts of the State of Florida that any criminal proceeding resulting in a sentence of imprisonment for thirty (30) days or more should require the defendant, if indigent, being provided counsel unless such right were waived. Petitioner's counsel relies on Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Goslin v. Thomas, 400 F.2d 594 (5th Cir. August 21, 1968), as well as other cases dealing with the right to counsel under the Sixth Amendment.

In his response and in oral argument before this Court, counsel for the respondent, City of Orlando, contended (1) that the petitioner had not exhausted his state remedies; and (2) that counsel was not required in the proceeding in which the petitioner was convicted before the City Judge.

■ This Court finds that the first position of the respondent is without merit. The State of Florida in Fish v. State, 159 So.2d 866 (Fla.1964) and Watkins v. Morris, 179 So.2d 348 (Fla. 1965), has clearly rejected the right of an indigent defendant in a Florida misdemeanor proceeding to be afforded counsel. This Court, therefore, cannot

assume or speculate that the Supreme Court of Florida might change its mind because of *Goslin,* supra, and thereby require the petitioner to seek redress on this issue in the state courts prior to coming to the federal court.

In support of his position, counsel for the petitioner cites the dissenting opinion of Justice Ervin, State ex rel. First Fed. Sav. & Loan Ass'n of St. Petersburg, Fla. v. Dickinson, 193 So.2d 607 (Fla.1967) wherein it was said:

> "I think the time has come when the principles announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, should be applied in cases of the seriousness of this case, despite our prior holdings in Fish v. State, Fla., 159 So.2d 866, and Watkins v. Morris, Fla., 179 So.2d 348. When in any court in this state, whether state, county or municipal, a criminal case arises and the penalty prescribed in the event of conviction authorizes a sentence of confinement of 30 days or more, either initially or upon failure to pay a monetary fine, counsel should be provided an indigent defendant to counsel and assist him in his defense pursuant to the principles and rules announced in Gideon v. Wainwright, supra."

As noted above, the opinion of Justice Ervin was a dissenting one and the Supreme Court of Florida has not adopted such a rule. Furthermore, neither the Supreme Court of the United States nor the Court of Appeals for the Fifth Circuit has adopted such a rule. It may be that such a line of demarcation should be drawn either as advocated by Justice Ervin or on some other basis, but until such a specific line has been drawn by some appellate court or by legislative action, this Court is of the opinion that it is without authority to decide this case on such a basis.

There remains, then, the second contention of the respondent: That the proceeding before the City of Orlando City Court did not require appointment of counsel for the petitioner here. Petitioner's counsel concedes that some line of demarcation for the requirement of counsel should be drawn because otherwise all traffic offenses, public drunk cases and disorderly conduct cases would require appointment of counsel. Such a result would obviously stifle the ability of many, if not most communities, to preserve the security of persons and property. While one community might be able to afford a public defender, many small villages and hamlets would find such a project not only beyond their financial means but even possibly beyond their physical means in that in many areas there would be no attorney or attorneys to act in such defense capacity.

As Justice White stated in Miranda v. State of Arizona, (dissenting opinion) 384 U.S. 436, 539, 86 S.Ct. 1602, 1661, 16 L.Ed.2d 694, 10 A.L.R.3d 974:

> "The most basic function of any government is to provide for the security of the individual and of his property. * * * These ends of society are served by the criminal laws which for the most part are aimed at the prevention of crime. Without the reasonably effective performance of the task of preventing private violence and retaliation, it is idle to talk about human dignity and civilized values."

If requiring counsel in every single criminal charge, including traffic offenses, drunk charges, disorderly conduct, breach of peace, and so on would— as this Court believes—seriously imperil, if not prevent local governments from performing the basic function of government as stated by Justice White, supra, then surely it is unrealistic to construe the constitutional right to counsel to cover such minor offenses. But where is the line drawn?

In Gideon v. Wainwright, supra, it is clear that indigent defendants in felony cases must be afforded counsel and in *Harvey* and *McDonald*, supra, it is clear that in the Fifth Circuit, individual de-

fendants in state misdemeanor cases must be afforded counsel, but in *Goslin,* supra, by footnote 6, the Fifth Circuit panel sitting on that case specifically noted that the Court was not considering the question of the delineation of a petty offense rule.

In DeHart v. Pitts, Orlando Docket No. 67–230, this Court declined to follow the decision of Judge Mehrtens, Brinson v. State of Florida, 273 F.Supp. 840, Southern District of Florida, 1967, wherein that Court adopted a petty offense standard for determining the right of individual defendants to court appointed counsel. However, since December 6, 1967, the Supreme Court of the United States has decided Dyke v. Taylor Implement Manufacturing Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538, May 20, 1968, wherein the Supreme Court of the United States reaffirmed the view that the guarantee of a jury trial does not extend to petty crimes, making clear that a six (6) months sentence is short enough to be petty, citing Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). Although the Sixth Amendment grants the right to a jury trial "in all criminal prosecutions", the Supreme Court has delineated petty offenses from the coverage of the Amendment. While neither the Supreme Court nor the Court of Appeals for the Fifth Circuit has delineated such a rule for the requirement of court appointed counsel,[1] if some rule is required, then on the basis of the law as it presently stands this Court believes and holds that the petty offense rule should be applicable to the requirement of court appointed counsel.

▌ Because the offenses for which the petitioner was convicted in the City Court were both petty offenses, counsel was not required. By separate order the petition will be dismissed.

---

[1]. The Congress of the United States in its enactment of the Criminal Justice Act of 1964 (now § 3006A of Title 18, U.S.C.) did not make provision for attorneys in petty offenses in federal criminal prosecutions.